861 F.2d 719
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sanford BERGER, Plaintiff-Appellant,
v.
The SUPREME COURT OF OHIO, Chief Justice Frank Celebrezze,
Clarence Brown, William B. Brown, James P. Celebrezze,
Robert Holmes, Ralph Locher, A. William Sweeney, Angelo
Gagliardo, Judge Henry T. Webber, State of Ohio, Richard
Celeste, Defendants-Appellees.
 No. 87-3935.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1988.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and THOMAS G. HULL, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Sanford J. Berger, the plaintiff-appellant, filed this suit on June 11, 1984, in the United States District Court for the Southern District of Ohio, seeking preliminary and permanent injunctive relief and a declaratory judgment holding Canon 7B(1)(c) of the Ohio Code of Judicial Conduct ("Canon 7B(1)(c)" or "the Canon") unconstitutional. The district court denied Berger's motion for preliminary injunctive relief on September 14, 1984, Berger v. The Supreme Court of Ohio, et al., 598 F.Supp. 69 (S.D.Ohio 1984) ("Berger I "), and granted summary judgment in favor of all the defendants on August 3, 1987, Berger v. The Supreme Court of Ohio et al., No. C2-84-1227, slip op. (S.D.Ohio Aug. 3, 1987) ("Berger II "). On August 13, 1987, Berger filed a motion for a new trial or, in the alternative, to alter or amend the judgment. When this motion was denied, Berger timely filed his notice of appeal to this court.
 
 
 2
 Upon consideration, we find no reason to disturb the district court's judgment and hereby affirm.
 
 I.
 
 3
 In 1984, when this lawsuit was filed, Berger was a candidate for the office of Judge of the Cuyahoga County Court of Common Pleas, Division of Domestic Relations. As a part of his campaign, Berger wished to publicly discuss his views, make certain pledges and promises regarding reform of practices of the office he sought, and publicly criticize what he perceived to be deficiencies in the administration of the Domestic Relations Court. See Berger I, 598 F.Supp. at 72. However, because Berger believed that such comments were prohibited by Canon 7B(1)(c), he filed a lawsuit seeking a preliminary injunction preventing the enforcement of Canon 7B(1)(c)'s provisions against him. Berger named as defendants the Supreme Court of Ohio, its Chief Justice and Justices, Angelo Gagliardo, Disciplinary Counsel to the Supreme Court of Ohio, and the Board of Commissioners on Grievances and Discipline of the Judiciary.
 
 
 4
 The district court held that Berger was not entitled to a preliminary injunction since he had not shown that he was likely to succeed on the merits of his case, i.e., he was not likely to show that Canon 7B(1)(c) was unconstitutional. In granting final summary judgment in favor of the defendants, the district court concurred in the reasoning of its earlier decision, holding that the Canon could be interpreted so as to avoid constitutional infirmities under the first and fourteenth amendments to the United States Constitution. The district court also denied Berger's motion for attorneys fees, holding that he was not a "prevailing party" within the meaning of 42 U.S.C. Sec. 1988 (1982). Berger appeals the district court's summary judgment in favor of the defendants as well as the denial of his request for attorneys fees.
 
 II.
 
 5
 The focus of this appeal is Canon 7B(1)(c) which provides:
 
 
 6
 (1) A candidate, including an incumbent judge, for a judicial office:
 
 
 7
 (c) should not make pledges or promises of conduct in office other than the faithful and impartial performance of the duties of the office; announce his views on disputed legal or political issues; or misrepresent his identity, qualifications, present position, or other fact.
 
 
 8
 A candidate who violates this Canon is subject to disciplinary proceedings under the Rules for the Government of the Judiciary of Ohio.
 
 
 9
 Berger claims that the Canon impermissibly infringes upon a judicial candidate's first amendment rights to free speech. He further claims that the Canon violates his right to equal protection under the fourteenth amendment because it applies only to candidates for judicial office. Finally, Berger argues that the Canon is void for vagueness. We reject each of these contentions.
 
 A.
 
 10
 When the constitutional validity of a statute is drawn in question, it is a cardinal principle that federal courts should first determine whether a reasonable construction of the statute may avoid the constitutional question. See Ashwander v. TVA, 297 U.S. 288, 348 (1936) (Brandeis, J., concurring). When the constitutionality of state statutes has been questioned, this court has noted that "state legislatures are presumed by federal courts to have acted constitutionally in making laws." Hartford Fire Ins. Co. v. Lawrence, Dykes, Goodenberger, Bower & Clancy, 740 F.2d 1362, 1366 (6th Cir.1984). Therefore, state statutes which have not been authoritatively construed by state courts should be interpreted by federal courts so as to avoid constitutional questions. See Dale Baker Oldsmobile v. Fiat Motors of North America, Inc., 794 F.2d 213, 221 (6th Cir.1984). Although the instant case involves a constitutional challenge to a judicially enacted disciplinary rule, rather than a legislative provision, the same principles which guide our interpretation of state statutes are applicable here. Compare Middlesex Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982) (applying traditional abstention doctrine where the constitutionality of a judicially enacted disciplinary rule is challenged).
 
 
 11
 Applying this analysis to Canon 7B(1)(c), which has not beenauthoritatively construed by the Ohio Supreme Court, we conclude that the Canon is not facially violative of the first amendment. On its face, the Canon does not infringe upon a candidate's first amendment right to free speech because it "does not prohibit criticisms of judicial administrations or incumbents which are not untruthful or misleading." Berger II, slip op. at 4. Rather, as the district court noted, "the rule recognizes that judges are frequently called to adjudicate cases squarely presenting social and political issues," and seeks to protect the state's compelling interest in ensuring judicial integrity and impartiality. Id. at 4-5. Since the Canon does not prohibit a judicial candidate from running a truthful, upright and vigorous campaign, we hold that it does not violate the first amendment on its face.
 
 
 12
 For similar reasons, we find that the Canon, as applied to Berger, does not violate the first amendment. As we noted earlier, Berger sought only to publicly discuss his views and make certain pledges and promises regarding reforms in the administration of the Domestic Relations Court. See Berger I, 598 F.Supp. at 72. None of these acts necessarily is prohibited by the Canon. Moreover, Berger has produced no evidence showing that he is in danger of being disciplined for engaging in these activities. Id. at 75; Berger II, slip op. at 2. Under these circumstances, Berger has not raised a genuine issue of material fact as to whether the Canon violates his first amendment rights.
 
 B.
 
 13
 Berger next contends that the Canon violates the equal protection clause of the fourteenth amendment because it only applies to candidates for judicial office. Although the Canon does single out judicial candidates for different treatment, we agree with the district court that "[t]he very purpose of the judicial function makes inappropriate the same kind of particularized pledges and predetermined commitments that mark campaigns for legislative and executive office." Berger I, 598 F.Supp. at 76. See also Morial v. Judiciary Comm'n, 565 F.2d 295, 304-06 (5th Cir.1977), cert. denied, 435 U.S. 1013 (1978). Because the state's compelling interest in ensuring judicial integrity and impartiality justifies the special restrictions set forth in Canon 7B(1)(c), there is no material factual dispute concerning Berger's equal protection challenge and the defendants were entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).
 
 C.
 
 14
 Berger argues that Canon 7B(1)(c) violates the due process clause of the fourteenth amendment because it is void for vagueness. The test for determining whether an enactment is void for vagueness is whether the provision gives a person of ordinary intelligence a reasonable opportunity to know what is prohibited. Grayned v. City of Rockford, 408 U.S. 104, 108-09 (1972). The Supreme Court has noted that "[t]he degree of vagueness that the Constitution tolerates--as well as the relative importance of fair notice and fair enforcement--depends in part on the nature of the enactment ..." and has "expressed greater tolerance of enactments with civil rather than criminal penalties because the consequences of imprecision are qualitatively less severe." Id. at 498-99.
 
 
 15
 Upon consideration, we agree with the district court that Canon 7B(1)(c) is not impermissibly vague. Because the disciplinary sanctions attendant upon a violation of the Canon do not include criminal penalties, the stringent notice requirements that are applicable in the criminal context do not apply here. Moreover, while the language of the Canon certainly leaves some room for interpretation, we find that the rule adequately notifies judicial candidates of what kinds of speech and/or conduct are proscribed. Therefore, we conclude that the district court properly disposed of Berger's vagueness challenge.
 
 III.
 
 16
 Berger also contends that the district court abused its discretion in denying his request for attorneys fees pursuant to 42 U.S.C. Sec. 1988.
 
 
 17
 Under section 1988, only a "prevailing party" may recover attorneys fees. The Supreme Court has stated that a "prevailing party" is one who "receive[s] at least some relief or the merits of his claim...." Hewitt v. Helms, 107 S.Ct. 2672, 2675 (1987). "[A] favorable judicial statement of law in the course of litigation that results in judgment against the plaintiff does not suffice to render him a 'prevailing party' " under section 1988. Id. at 2677. Although the plaintiff's relief need not be judicially decreed to support a fee award under section 1988, the plaintiff must show that the defendant changed the behavior of which he complained, because of the lawsuit, to support such an award. Id. at 2676.
 
 
 18
 In the case at bar, Berger obtained no judicially decreed relief on the merits of his claims. Moreover, as the district court found, Berger has not demonstrated that the defendants altered their conduct toward him because of this lawsuit. See Berger II, slip op. at 9. Under these circumstances, the district court correctly determined that Berger was not a "prevailing party" within the meaning of 42 U.S.C. Sec. 1988.
 
 IV.
 
 19
 For the above stated reasons, we hereby AFFIRM the judgment of the district court.
 
 
 
 *
 Honorable Thomas G. Hull, United States District Court for the Eastern District of Tennessee, sitting be designation