869 F.2d 1488
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sanford BERGER, Plaintiff-Appellant,
v.
The SUPREME COURT OF OHIO, et al., Defendants-Appellees
 No. 87-3935.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1989.
 
 1
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and THOMAS G. HULL*, Chief Judge United States District Court.
 
 ORDER
 
 2
 The Court having received a petition for rehearing en banc, and the petition having been circulated not only to the original panel members but also to all other active judges of this Court, and less than a majority of the judges having favored the suggestion, the petition for rehearing has been referred to the original hearing panel.
 
 
 3
 The panel has further reviewed the petition for rehearing and concludes that the issues raised in the petition were fully considered upon the original submission and decision of the case. Accordingly, the petition is denied.
 
 
 4
 MERRITT, Circuit Judge, dissenting from denial of en banc review.
 
 
 5
 I respectfully dissent from this Court's refusal to reconsider en banc the First Amendment issue in this case. Petitioner Sanford J. Berger has made a facial First Amendment challenge to a provision of the Ohio Code of Judicial Conduct limiting the speech of candidates for state judgeships. The provision reads as follows:
 
 
 6
 (1) A candidate, including an incumbent judge, for a judicial office:
 
 
 7
 * * *
 
 
 8
 * * *
 
 
 9
 (c) should not make pledges or promises of conduct in office other than the faithful and impartial performance of the duties of the office; announce his views on disputed legal or political issues; or misrepresent his identity, qualifications, present position, or other fact.
 
 
 10
 Code of Judicial Conduct of the Ohio Supreme Court, Canon 7(B)(1)(c). Berger evidently wished to state his views, make pledges about reforms he would institute if elected, and criticize the then current administration of the state Domestic Relations Court. Because he feared punitive application of Canon 7(B)(1)(c) to him if he spoke out as he wished, he sought a preliminary injunction barring application of the Canon to him. He lost in that bid, both before the District Court and on appeal.
 
 
 11
 Canon 7(B)(1)(c) is an extremely far-reaching prohibition on the political speech of candidates for state judicial office. It bars candidates from announcing their "views on disputed legal or political issues," taking within its sweep virtually any statement about the state's political life that would be relevant to voters in their effort to distinguish between candidates. Even more, it bars candidates from misrepresenting, even by an innocent mistake, any "fact."
 
 
 12
 Such a broad-ranging prohibition on political speech runs directly afoul of decisive Supreme Court precedent. First, the speech of political candidates has repeatedly been held to lie at the core of the values protected by the First Amendment.
 
 
 13
 Discussion of public issues and debate on the qualifications of candidates are integral to the operation of the system of government established by our Constitution. The First Amendment affords the broadest protection to such political expression in order "to assure [the] unfettered interchange of ideas for the bringing about of political and social changes desired by the people." Roth v. United States, 354 U.S. 476, 484 (1957).... As the Court observed in Monitor Patriot Co. v. Roy, 401 U.S. 265, 272 (1971), "it can hardly be doubted that the constitutional guarantee has its fullest and most urgent application precisely to the conduct of campaigns for political office."
 
 
 14
 Buckley v. Valeo, 424 U.S. 1, 14-15 (1976).
 
 
 15
 Second, the Supreme Court has set its highest standard of review for state regulation of the speech of political candidates:
 
 
 16
 When a State seeks to restrict directly the offer of ideas by a candidate to the voters, the First Amendment surely requires that the restriction be demonstrably supported by not only a legitimate state interest, but a compelling one, and that the restriction operate without unnecessarily circumscribing protected expression.
 
 
 17
 Brown v. Hartlage, 456 U.S. 45, 53-54 (1982).
 
 
 18
 The panel opinion in the present case does not cite any First Amendment precedent or apply the proper standard. In particular, it misses the significant overbreadth problem posed by the Ohio Canon. The panel adopts the District Court's reading that the Canon "does not prohibit criticisms of judicial administrations, or incumbents which are not untruthful or misleading." Berger v. Supreme Court of Ohio, No. 87-3935, slip op. at 4 (6th Cir. Oct. 31, 1988). That reading is clearly incorrect. Canon 7(C)(9) is explicitly limited to knowing or reckless falsehoods, but that is not the Canon which is under challenge. Canon 7(B)(1)(c), which is the subject of this litigation, explicitly prohibits the misrepresentation of any "other fact." The Supreme Court was faced with a campaign regulation that did just that in Brown v. Hartlage, and there it said:
 
 
 19
 The chilling effect of such absolute accountability for factual misstatements in the course of political debate is incompatible with the atmosphere of free discussion contemplated by the First Amendment in the context of political campaigns.
 
 
 20
 Brown v. Hartlage, 456 U.S. at 61. The Supreme Court suggested that, in this context, it would adopt the standard articulated in New York Times Co. v. Sullivan, 376 U.S. 254 (1964), and allow regulation only of misstatements knowingly or recklessly made. Brown v. Hartlage, 456 U.S. at 61-62.
 
 
 21
 Consideration of this case in light of the actual holdings of the Supreme Court on this matter leads me to the conclusion that the panel has underestimated the stringency of the review that we are mandated to exercise, misread the challenged regulation, and failed to notice a facial constitutional violation that cuts directly into the premier First Amendment interest--our "profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open[.]" New York Times Co. v. Sullivan, 376 U.S. at 270.
 
 
 
 *
 Hon. Thomas G. Hull sitting by designation from the Eastern District of Tennessee